Patricia **KIELTY**, on behalf of herself and all others similarly situated and Susan Pathman, on behalf of herself and all others similarly situated, Plaintiffs-Appellants,

v.

**MIDLAND CREDIT MANAGEMENT, INC.**, Defendant-Appellee.

No. 15-56737

United States Court of Appeals, Ninth Circuit.

Submitted May 8, 2017 *
Pasadena, California

Filed May 10, 2017

Todd M. Friedman, Law Offices of Todd M. Friedman, Beverly Hills, CA, Aaron David Radbil, Attorney, Weisberg & Mey-

*See* Fed. R. App. P. 34(a)(2).

ers LLC, Cooper City, FL, Aaron David Radbil, Attorney, Greenwald Davidson Radbil PLLC, Austin, TX, for Plaintiffs-Appellants

Timothy St. George, Troutman Sanders LLP, Richmond, VA, Chad R. Fuller, Troutman Sanders LLP, San Diego, CA, for Defendant-Appellee

Before: WALLACE, CHRISTEN, and WATFORD, Circuit Judges.

### MEMORANDUM **

Patricia Kielty and Susan Pathman appeal from the district court's judgment dismissing their putative class action claims asserted under the Credit Repair Organizations Act (CROA), 15 U.S.C. §§ 1679–79j.[1] We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Reviewing de novo, see Stout v. FreeScore, LLC, 743 F.3d 680, 684 (9th Cir. 2014), the district court did not err when it concluded plaintiffs failed to plausibly allege that Midland is a credit repair organization. There is no allegation in the complaint that Midland represented "that it can or will sell, provide, or perform a service for the purpose of providing advice or assistance to a consumer with regard to improving a consumer's credit record, credit history, or credit rating" in return for the payment of money or other valuable consideration. See Stout, 743 F.3d at 685. Dismissal of the CROA claims was appropriate because the "overall net impression communicated" by Midland was

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. The parties are familiar with the facts so we do not repeat them here. Also, the plaintiffs raised additional claims in the district court

merely that it sought repayment of a debt. See id. at 686.

**AFFIRMED.**

---

but appealed only the dismissal of their CROA claims.

* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).